**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RANDALL KIEF WARINER,

Defendant - Appellant.

Nos. 12-30114
12-30115

D.C. Nos. 3:11-cr-00365-MA
3:00-cr-00110-MA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Randall Kief Wariner appeals from the 24-month sentence imposed

following his guilty-plea conviction for being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1), and the consecutive 24-month sentence

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Wariner contends that the district court erred by failing to consider adequately his arguments in support of a time-served sentence, and by failing to provide adequate and factually accurate reasons for the sentence. The district court acknowledged Wariner's arguments, discussed the 18 U.S.C. § 3553(a) sentencing factors, and explained the reasons for the sentence. Its failure to do more was not plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). Moreover, any error committed by the district court with respect to Wariner's history of supervised release violations did not affect the sentence selected. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Wariner also contends that his sentence is substantively unreasonable in light of the minor nature of his last firearm possession offense, the absence of law enforcement contact since he absconded from supervised release, and the inability of his plants to produce potent marijuana. Under the totality of the circumstances and the section 3553(a) sentencing factors, the sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**